UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARIA ANTONIA JIMENEZ GONZALEZ,
ESTATE CESTUS QUE VIE TRUST ACCOUNT                                     Plaintiff,

v.                                                                 Civil Action No. 3:24-cv-223-DJH

LAKSHMI NARAYAN HOSPITALITY
GROUP LOUISVILLE, LLC *et al.*,                                        Defendants.

\* \* \* \* \*

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, identifying herself as "Maria Antonia Jimenez Gonzalez, Estate Cestus Que Vie Trust Account," filed the instant *pro se* action. She also filed an application to proceed without prepayment of fees (DN 3). Upon review of the application, the Court finds that Plaintiff makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.

A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case.

**I.**

Plaintiff filed a portion of the complaint on a form for filing a civil case. She lists the following Defendants: Lakshmi Narayan Hospitality Group Louisville, LLC, Judge Claria Horn Boom, Robert Patel, E. Shane Branham Shelton, Phillipe W. Rich, Jonathan Weatherby, and Michael Wayne Alvery. She states, "I require a court of equity. Transfer of property rights, title, and interest to the Western District Court of Kentucky consideration and value, present sale. Claimed interest generated from proceeds amount due. Demanding payment transfer and delivery."

Where the complaint form asks for the basis of the Court's jurisdiction, Plaintiff indicates diversity of citizenship.  She reports that she and Defendants are citizens of Kentucky.  For the amount in controversy, she states, "$8,000,000.00 eight million 100 proceeds amount dues transfering interest to the principals account amount due."

In the statement-of-claim section of the form, Plaintiff states, "Claim: Tort: injury, harm, damages, negligence, and conversion.  Demanding payment in violation fees, a right to be paid.  Tort giving [illegible] to cause me great harm, mental anguish and real damages to real property injuries."  She also states, "'Injury' describes the invasion of any legal right.  'Harm' describes a loss or detriment in fact that an individual suffers."

Under the heading "Relief[,]" Plaintiff states, "As the crediter over the account claiming my rights as a beneficiary.  As the authorized person I accept and claim to redeem the amount dues in consideration.  eight million .00 or $8,000,000.00 for lawful money exchange dollar for dollar and demand to be credited.  Compensation."  She also states, "The interest of this note is being conveyed for discharge of the total amount of the debt dollar for dollar.  Demanding upon transfer and delivery emergency relief.  Remedial the injured party."

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972).  The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the

district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff fails to establish diversity jurisdiction as there is not complete diversity of citizenship since Plaintiff and Defendants are citizens of Kentucky. *See* 28 U.S.C. § 1332.

In addition, Plaintiff has not met her burden of establishing federal-question jurisdiction under 28 U.S.C. § 1331.  The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint."  *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys.*, 287 F.3d 568, 573 (6th Cir. 2002).  Plaintiff alleges no facts to support a federal cause of action.  Therefore, the complaint fails to establish federal-question jurisdiction.

Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

Date:   April 16, 2024

David J. Hale, Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4415.010